Allison v. Stivers.

JOHN T. ALLISON, *Appellee*, v. HARVEY STIVERS, *Appellant*.

No. 16,319.

### SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Injury to Employee—Duty of the Master—Assumption of Risk—Contributory Negligence.* The principles that a master must furnish his employee reasonably safe instrumentalities with which to work, that the employee may assume the duty has been discharged, and that opportunity to observe does not of necessity charge the employee with knowledge of defects and danger, applied in a case in which a master required a carpenter to discard a ladder of his own choice and to use a defective scaffold built by brick masons who had previously been engaged in work on the same building.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed February 12, 1910. Affirmed.

*C. S. Denison,* for the appellant.

*H. P. Farrelly, T. R. Evans,* and *B. F. Shinn,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: This is an appeal from a judgment ren-dered in a personal-injury case. The appellant was a contractor engaged in the erection of a roundhouse for the Atchison, Topeka & Santa Fe Railway Company. The work was conducted under the supervision of a gen-eral foreman, and the appellee was a carpenter. In the prosecution of the work brick masons and their helpers erected a scaffold for their own use, which was left standing after it had subserved its purpose. The ap-pellee was directed by the foreman to put on some drop siding over a window close by the scaffold, and com-menced to build a scaffold of his own to enable him to reach the place. He required a scaffold higher than the one the brick masons had left. He was using a ladder for his purpose when the foreman came along and or-dered him to take the ladder down, get up on the old scaffold to nail the necessary timbers, and get the work done. The order was obeyed, and while the appellee was driving the second nail the scaffold fell and he suf-fered the injury for which he recovered damages. The appellant supplied material for the workmen, who built their own scaffolds as they needed them. The foreman did not superintend the building of the brick masons' scaffold and was ignorant of its condition. The appellee had been about the place while the brick masons were at work, saw them build some scaffolds, might have seen them building the scaffold in question, and saw them working upon it, but he knew nothing of its construc-tion, and when he attempted to use it he saw nothing wrong with it.

The appellant argues he performed his duty when he furnished material to workmen who from time to time as the work progressed erected their own scaffolds in their own way; that he did not know and was under no duty to know whether the scaffold was safe; that the appellee was a fellow servant of those who built the

defective scaffold; that he assumed the risk of its safety, and that he was guilty of contributory negligence in using it in its defective state. Numerous cases are cited in which these contentions have prevailed, but they need not be discussed. They throw no light upon this controversy.

This is the ordinary case of a master who provides his employee with an unsafe instrumentality with which to prosecute the work. The brick masons' scaffold took the place of the ladder. In the exercise of his own discretion the appellee chose the ladder as the proper implement with which to build his own scaffold. Acting upon his own initiative, he was bound to know whether the work could be safely accomplished by means of the ladder, and whether the one he himself selected was fit for use. But he was not allowed to proceed according to his own judgment, select his own materials, supply his own instrumentalities and make his own place as the conduct of the enterprise required. The master, through the foreman, interfered, took away the ladder and gave the appellee the brick masons' scaffold instead. The appellee had no discretion in the matter. He did not select or use the scaffold relying upon the care and prudence of the brick masons in building it. The master selected it and ordered it to be used, just as he might have purchased another ladder, brought it upon the scene and ordered the appellee to substitute it for the one he was using when the foreman appeared. In such a case the duty would rest upon the master to supply a ladder which was reasonably safe, and he would be bound to know whether it was reasonably safe before ordering an employee ignorant of its condition to climb upon it. The discharge of this duty would not depend upon who constructed the ladder. Whether made by a manufacturer of ladders, by an ordinary carpenter, or by brick masons or their helpers, the master's duty would be the same. So here. The master took the

scaffold as he found it, adopted it as his own, supplied it to the appellee and ordered him to use it instead of the ladder. It is immaterial that the scaffold was built by the brick masons, and immaterial that the master did not superintend its erection. He imposed it upon the appellee and was obliged to know whether it was reasonably fit for service. The appellee was no more a fellow servant of the bricklayers and no more assumed the risk of their work than he would be a fellow servant with the ladder manufacturer and so would assume the risk in the supposed case. Under these circumstances the master is liable unless the appellee was himself at fault.

An employee is entitled to assume that the master has performed his absolute, nonassignable duties. He is not required to take time from his work to make inspections which it is the duty of the master to make for his protection. Unless he knows that an instrument or appliance furnished by the master is defective and dangerous, or unless the defect and insecurity are so patent that he can not escape knowledge, he may proceed to use it without examination. The mere fact that he works about the structure, sees it used and sees it standing at the place where he is working does not prove that his attention has been drawn to its defects and perils. Opportunity to investigate does not bind when there is no duty to improve the opportunity for the purpose of an investigation.

The question whether the appellee negligently disposed of himself after he climbed upon the scaffold and so contributed to his injury was a question of fact, which the jury has decided adversely to the appellant.

The principles of law involved are all so elementary that no list of authorities need be subjoined. The judgment is affirmed.